IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARTINA BROWN,**

        Plaintiff,

  vs.                                     Case No. 2:12-cv-1071
                                            Judge Marbley
                                            Magistrate Judge King

**ZACH SCOTT,** *et al.***,**

        Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of *Plaintiff's Motion to Allow Her Medical Experts to Supplement Their Reports with Opinions Relating to Decedent's Life Expectancy* ("*Plaintiff's Motion*"), Doc. No. 23. Specifically, plaintiff seeks "leave to submit a supplemental expert opinion report from her medical experts, Kenneth Scissors, M.D., and Randolph Martin, M.D.[,]" with an opinion of the life expectancy of decedent Tracey Brown. *Id*. at pp. 1-2. Plaintiff represents that Dr. Scissors "was asked about Plaintiff's decedent's life expectancy" at his October 2, 2013 deposition, and, "[a]lthough Dr. Scissors stated he will have an opinion on this question, he was not prepared to offer it at the time and sought an opportunity to supplement his report and to be re-deposed once he reviewed particular medical records related to the question." *Id*. at p. 1. Defendants oppose *Plaintiff's Motion* on the basis that plaintiff is improperly attempting to offer "new opinions . . . under the guise of calling them 'supplementations[,]'" that it was plaintiff who elicited testimony regarding life expectancy at Dr. Scissors' deposition, that

1

defendants will be prejudiced by the "new" opinions, and that plaintiff has failed to explain why she could not have obtained a timely expert opinion regarding life expectancy. *Defendants' Memorandum in Opposition to Plaintiff's Motion to Supplement Expert Reports* ("*Defendants' Response*"), Doc. No. 26.  Plaintiff has filed a reply, Doc. No. 27, in which plaintiff acknowledges that she "has not strictly complied with Rule 26." *See id*. at p. 3.  Plaintiff argues, however, that she should be permitted to supplement her expert reports with "additional opinions" and that this Court's orders permit her to supplement the reports until the expert discovery deadline of November 29, 2013. *Id*. at pp. 2-4.

   Rule 26 requires the disclosure of a party's specially retained expert witness, *see* Fed. R. Civ. P. 26(a)(2)(A), and the contemporaneous disclosure of a written expert report.  Fed. R. Civ. P. 26(a)(2)(B).  The report must contain a complete statement of the specially retained expert's opinions, the basis for such opinions, the information relied upon in forming the opinions, any summarizing or supporting exhibits, the expert's qualifications, the expert's publications from the preceding ten years, the expert's compensation, and a list of all cases in which the witness testified as an expert in the preceding four years. *See* Fed. R. Civ. P. 26(a)(2)(B).  Rule 26(a)(2)(D) sets forth default deadlines for these disclosures, but also specifically provides that "[a] party must make these disclosures at the times and in the sequence that the court orders."  Fed. R. Civ. P. 26(a)(2)(D).  Parties have a duty to supplement expert reports, which "extends both to information included in the report and to information given during the expert's deposition."  Fed. R. Civ. P. 26(e)(2).

2

On January 24, 2013, this Court issued a *Preliminary Pretrial Order*, Doc. No. 11, that required, *inter alia*, the following:

> The reports of primary experts must be produced by May 30, 2013; the reports of rebuttal experts must be produced by July 28, 2013.  If the expert is specially retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(B), unless otherwise agreed to by the parties.  If the expert is not specially retained, the reports must conforms [sic] to Fed. R. Civ. P. 26(a)(2)(C), unless otherwise agreed to by the parties.
>
> All non-expert discovery must be completed by April 30, 2013; all expert discovery must be completed by November 29, 2013.

*Preliminary Pretrial Order*, p. 2.

It is not disputed that plaintiff produced Dr. Scissors' and Dr. Martin's expert reports within the time permitted by the Court's scheduling order.  As discussed *supra*, plaintiff seeks to supplement these expert reports with an opinion of the life expectancy of decedent Tracey Brown.  *See Plaintiff's Reply*, p. 1.  Plaintiff's requested "supplementation" does not, however, fall within the "narrow reasons for permissible supplementation under Rule 26[.]"  *See Ullman v. Auto-Owners Mut. Ins. Co.*, No. 2:05-cv-1000, 2007 WL 1057397, at *5 (S.D. Ohio Apr. 5, 2007).  *See also Eiben v. Gorilla Ladder Co.*, No. 11-CV-10298, 2013 WL 1721677, at *6 (E.D. Mich. Apr. 22, 2013).  "This is not a situation in which a party sought to supplement a report to correct a late-in-the-day error or inaccuracy in its reasoning." *Ullman*, 2007 WL 1057397 at *5 (citing *Minebea Co., Ltd. v. Papst*, 231 F.R.D. 3 (D.D.C. 2005)).  "Nor is this a case in which supplementation would serve as a response to an opposing expert's pointing out gaps in . . . reasoning."  *Id*. (citing *Miller v. Pfizer, Inc.*, 356 F.3d 1326, 1332 (10th Cir. 2004)).  "And this is not even a case in which supplementation would reflect an expert's changed opinion."  *Id*.

3

(citing Fed. R. Civ. P. 26 Advisory Committee Notes, 1993 Amendments, Subdivision (e) ("changes in the opinions expressed by the expert whether in the report or at a subsequent deposition are subject to a duty of supplemental disclosure under [Rule 26(e)(1)]")). Instead, plaintiff is seeking leave to permit her experts to render new, additional opinions on topics that were not originally addressed in their original reports. This effort does not fall within the ambit of Rule 26's duty to supplement. *See* Fed. R. Civ. P. 26(e)(2); Fed. R. Civ. P. 26(a)(2)(B) ("The report must contain: (i) a *complete* statement of all opinions the witness will express and the basis and reasons for them[.]") (emphasis added). Moreover, the duty to supplement expert reports with "information given during the expert's deposition," *see id.*, is not applicable here, where a party elicited deposition testimony from her own expert on a topic not addressed in the expert's report. *See e.g.*, *Defendants' Response*, p. 2 (quoting Dr. Scissors' deposition testimony).

The Court's scheduling order required the parties to produce primary expert reports by May 30, 2013. *Preliminary Pretrial Order*, p. 2. In the Court's view, resolution of *Plaintiff's Motion* is governed by Rule 16 of the Federal Rules of Civil Procedure, which addresses modification of a court-established pretrial schedule.

Rule 16(b) requires that the Court, in each civil action not exempt from the operation of the rule, enter a scheduling order, which may, *inter alia*, establish the dates by which expert disclosures must be made pursuant to Fed. R. Civ. P. 26(a)(2). Fed. R. Civ. P. 16(b)(3)(B)(i). The rule further provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). *See also* S.D. Ohio Civ. R. 16.2 ("[T]he Magistrate

4

Judge is empowered to . . . modify scheduling orders upon a showing of good cause."). "'The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.'" *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). "A district court should also consider possible prejudice to the party opposing the modification." *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) (citing *Inge*, 281 F.3d at 625). The focus is, however, "primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause." *Ortiz v. Karnes*, 2:06-cv-562, 2010 WL 2991501, at *1 (S.D. Ohio July 26, 2010) (citing *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)). Whether to grant leave under Rule 16(b) falls within the district court's discretion. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

In the case presently before the Court, plaintiff argues that Dr. Scissors should be permitted to express an opinion on plaintiff's decedent's life expectancy because Dr. Scissors "was asked about . . . life expectancy" at his deposition. *Plaintiff's Motion*, p. 1. Plaintiff also contends that defendants will not be prejudiced by the grant of this request and that permitting supplementation will not "affect the scheduling order in this case." *Plaintiff's Motion*, p. 2. Finally, plaintiff argues that "it can be no surprise that Plaintiff would want to introduce evidence of decedent Tracey Brown's life expectancy, and, even if it is, Defendant has not shown how the surprise is 'unfair,' since Defendant cannot demonstrate that allowing

5

Dr. Scissors' supplemental opinions will deprive Defendant of a fair hearing." *Plaintiff's Reply*, p. 3. Plaintiff's arguments are without merit.

First, the mere fact that plaintiff herself sought on deposition to elicit a new opinion from her expert does not alone justify the relief sought. Second, plaintiff has offered no reason whatsoever for her failure to produce an expert opinion on life expectancy within the time frame established by the Court. If, as plaintiff argues, "it can be no surprise that Plaintiff would want to introduce evidence of decedent Tracey Brown's life expectancy," *Plaintiff's Reply*, p. 3, then plaintiff should surely have asked her expert(s) to address that topic in a timely fashion. Finally, the Court notes that defendants have already deposed plaintiffs' experts and the expert discovery deadline is fast approaching. If plaintiff were permitted to supplement her expert reports with new opinions now, defendants would face the potential of substantially increased expenses and a delay in the case schedule due to additional consultation with experts, depositions, and expert discovery.

In short, plaintiff has failed to establish good cause for modifying the Court's scheduling order. *Plaintiff's Motion*, Doc. No. 23, is therefore **DENIED**.

November 4, 2013  *s/Norah McCann King*
Norah M$^c$Cann King
United States Magistrate Judge